UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTINA MARTIN AND JADEN WILLIAMS,

Plaintiffs,

vs.

COUNTY OF WAYNE, WAYNE COUNTY
SHERIFF'S OFFICE, WAYNE COUNTY DEPUTY
SHERIFF JOHN DOES #1-10 (*representing as yet
unknown and unidentified members of the Wayne
County Sheriff's Office*), *in their individual and
official capacities*, VILLAGE OF NEWARK, and
VILLAGE OF NEWARK POLICE OFFICER
JOHN DOES #11-20 (*representing as yet unknown
and unidentified members of the Village of Newark
Police Department*), *in their individual and official
capacities*,

Defendants.

REPORT AND
RECOMMENDATION

22-CV-6399-CJS-MJP

COUNTY OF WAYNE, WAYNE COUNTY
SHERIFF'S OFFICE, WAYNE COUNTY DEPUTY
SHERIFF JOHN DOES #1-10 (*representing as yet
unknown and unidentified members of the Wayne
County Sheriff's Office*), *in their individual and
official capacities*,

Cross-Claimants,

vs.

VILLAGE OF NEWARK, and VILLAGE OF
NEWARK POLICE OFFICER JOHN DOES #11-20
(*representing as yet unknown and unidentified
members of the Village of Newark Police
Department*), *in their individual and official
capacities*,

Cross-Defendants.

## APPEARANCES

For Plaintiffs:

Pablo A Fernandez, Esq.
The Russell Friedman Law Group, LLP
400 Garden City Plaza Suite 500 11530
Garden City, NY 11530
(516) 355-9696

For Defendants/Cross-Claimants
County of Wayne, Wayne County
Sheriff's Office, Wayne County Deputy
Sheriff John Does # 1–10:

Jonathan Marc Bernstein, Esq.
Taylor Lee Baker, Esq.
Goldberg Segalla LLP
8 Southwoods Boulevard Suite 300
Albany, NY 12211-2526
(518) 935-4240

For Defendants/Cross-Defendants
Village of Newark, Village of Newark
Police Department, Village of Newark
Police Officer John Does # 11–20:

Shannon B. O'Neill Vandermeer, Esq.
Webster Szanyi, LLP
424 Main Street Suite 1400
Buffalo, NY 14202
(716) 842-2800

## INTRODUCTION

**Pedersen, M.J.** Plaintiffs filed a civil rights complaint on September 19, 2022, alleging that on June 22, 2021, Defendants "willfully, and unlawfully entered Plaintiffs' home and intentionally and willfully subjected Plaintiffs to, inter alia, false arrest, false imprisonment, and illegal search and seizure, and intentionally and willfully damaged Plaintiffs' home and their personal property." (Compl. ¶ 2, ECF No. 1.) Now before the Court are Defendants' two motions to dismiss (ECF Nos. 21 & 22) for failure to state a cause of action and lack of subject matter jurisdiction over the pendant state law claims. The undersigned recommends that the district judge:

(1) dismiss Plaintiffs' fourth cause of action, raising a *Monell* claim against the Village of Newark and the Village of Newark Police Department; and

(2) deny Plaintiffs' request to amend the fourth cause of action raising a *Monell* claim against the Village of Newark and the Village of Newark Police Department; and

(3) deny the Village of Newark's application to dismiss *all* claims against Village of Newark Police Officer John Does #11–20; and

(4) dismiss any claims against Defendants made pursuant to the Fifth, Eighth, and Nineth Amendments, per Plaintiffs' agreement to withdraw such claims; and

(5) dismiss any claims for punitive damages against the County of Wayne and the Wayne County Sheriff's Office per Plaintiffs' agreement to withdraw such claims;

(6) dismiss the Wayne County Sheriff's Office as a party from the lawsuit per Plaintiffs' agreement to withdraw such claims; and

(7) dismiss the seventh and eighth causes of action against Wayne County; and

(8) dismiss any claims of intentional or negligent infliction of emotional distress (*see* Am. Compl. ¶ 67) against the municipal defendants; and

(9) dismiss the seventh and eighth causes of action alleging negligence against Wayne County; and

(10) deny Wayne County's motion to dismiss the fifth and sixth causes of action for common law trespass, assault and battery for lack of subject matter jurisdiction; and

(11) deny Wayne County's motion to dismiss all claims against the as yet unidentified John Doe defendants; and

(12) dismiss any claims for punitive damages against municipal defendants.

## JURISDICTION

This matter is assigned to the Honorable Charles J. Siragusa, U.S. District Judge, who referred the case to the undersigned on November 9, 2022, for all pretrial matters except for dispositive motions. (Text Order Referring Case, ECF No. 13.) On March 31, 2023, Judge Siragusa referred the two pending motions to dismiss to the undersigned to prepare a report and recommendation. (Order Referring Motions, ECF No. 31.)

## BACKGROUND

In a letter to the Court dated February 14, 2023, Plaintiffs' counsel, Pablo A. Fernandez, Esq., informed the Court that the parties had agreed to have Plaintiffs file an amended complaint to address Defendants' objections to the original complaint. (ECF No. 17.) Based on that representation, Plaintiffs filed an amended complaint on February 13, 2023 (ECF No. 16). Accordingly, the Court considers the amended complaint to be the operative pleading in this case.

The amended complaint contains eight causes of action:

(1) The first alleges under 42 U.S.C. § 1983 that Defendants conducted an unlawful search and seizure as well as false arrest.

(2) The second by Plaintiff Martin alone alleges under 42 U.S.C. § 1983 that Defendants used excessive force against her.

(3) The third alleges under 42 U.S.C. § 1983 a failure to intervene.

(4) The fourth, against Wayne County, the Wayne County Sheriff's Office, and Village of Newark, raises a *Monell*[1] claim under 42 U.S.C. § 1983.

(5) The fifth, against Wayne County, the Wayne County Sheriff's Office, and the John Doe officers, alleges a pendant state claim of trespass.

(6) The sixth by Plaintiff Martin alone against Wayne County, the Wayne County Sheriff's Office, and the John Does, alleges a pendant state claim for assault and battery.

(7) The seventh against Wayne County, the Wayne County Sheriff's Office and the John Does, alleges a pendant state claim for negligence.

(8) The eighth against Wayne County alleges a pendant state claim for negligent hiring and improper supervision and retention.

### Monell allegations

Plaintiffs' fourth count alleges claims against Wayne County ("Wayne"), the Wayne County Sheriff's Office ("WCSO"), and the Village of Newark ("Newark") (collectively the "named defendants"[2]). The count asserts the *Monell* claim under two theories: (1) that the named defendants failed to supervise and train their respective subordinates; and (2) that the named defendants had a custom, policy, and practice "to tolerate, condone, and encourage constitutional violations, such as those alleged by Plaintiffs above, by failing to properly punish, charge, reprimand, and investigate allegations and incidents of misconduct by their employees and members." (Am.

---

[1] *Monell v. Dep't of Soc. Svc. of the City of New York*, 436 U.S. 658 (1978).

[2] The undersigned will use "named defendants" to refer to what the amended complaint calls COUNTY, WCS, and VILLAGE, that is, Wayne County, the Wayne County Sheriff's Office, and the Village of Newark.

Compl. ¶ 95.) The factual allegations under the first theory, failure to supervise and

train, are:

> 82. Defendants COUNTY, WCS, and VILLAGE were responsible for supervising, overseeing, and controlling their respective subordinates.

> 83. Defendants COUNTY, WCS, and VILLAGE had an express and/or implied duty to provide a reasonably safe environment for their citizens, including Plaintiffs. At a minimum, they had a duty to keep them from being unlawfully searched and seized and falsely arrested by their employees, which were foreseeable based upon past instances of misconduct, which were known to COUNTY, WCS, and VILLAGE.

> 84. Defendants COUNTY, WCS, and VILLAGE had an express and/or implied duty to provide a reasonably safe environment for their citizens, including Plaintiffs. At a minimum, they had a duty to assure that their employees did not unlawfully search and seize and falsely arrest Plaintiffs which were foreseeable based upon past instances of misconduct, which were known to COUNTY, WCS, and VILLAGE.

> 85. Despite having this knowledge, Defendants COUNTY, WCS, and VILLAGE failed to take any remedial measures to prevent the aforementioned violations of Plaintiffs' Constitutional rights. The countenancing of this behavior created an environment within the WCS wherein members were allowed to continue with their behavior, which led to the Constitutional rights of citizens being violated, including Plaintiffs'.

> 86. Defendants COUNTY, WCS, and VILLAGE intentionally failed to adequately supervise, control, oversee, train, and/or monitor their employees and members, who had a history of engaging in official misconduct, and failed to implement measures to prevent their employees and members from conspiring with each other to cover up their official misconduct.

> 87. Defendants COUNTY, WCS, and VILLAGE intentionally failed to adequately supervise, control, oversee, train, and/or monitor their employees and members from conspiring with each other to cover up their official misconduct and prevent them from continuously violating the Constitutional rights of individual citizens, including Plaintiffs.

> 88. Defendants COUNTY, WCS, and VILLAGE negligently hired, retained, and/or supervised their employees and members when they knew or should have known that they posed a threat to individuals.

89. Defendants COUNTY, WCS, and VILLAGE knew or should have known of their employees and members' propensity for the conduct which caused Plaintiffs' injuries, prior to the occurrence of the injuries.

90. At all times relevant hereto, Defendants' actions were willful, wanton, malicious, reckless, and/or outrageous in their disregard for the rights and safety of Plaintiffs.

91. Defendants COUNTY, WCS, and VILLAGE were aware that there was a substantial likelihood that permitting their employees and members to carry on their regular duties would deprive the public of their civil rights, but failed to take adequate measures to resolve the wrong. Defendants COUNTY, WCS, and VILLAGE's failure and refusal to adequately investigate their employees' actions, acquiescence in Defendants' conduct, failure to take any remedial action against Defendants, allowing Defendants to remain employed as deputy sheriffs and/or police officers, gross negligence in their supervision of Defendants, and deliberate indifference to the rights of others by failing to act on information that Constitutional rights were being violated, subjects Defendants to supervisory liability for the crime and Constitutional violations perpetrated against Plaintiffs.

(Am. Compl. ¶¶ 82–91.)

The factual allegations concerning the second theory (custom, policy, or practice) are:

95. It was the custom, policy, and practice of Defendants COUNTY, WCS, and VILLAGE to tolerate, condone, and encourage constitutional violations, such as those alleged by Plaintiffs above, by failing to properly punish, charge, reprimand, and investigate allegations and incidents of misconduct by their employees and members.

96. Employees and members of Defendants COUNTY, WCS, and VILLAGE such as the Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

97. Employees of Defendants COUNTY, WCS, and VILLAGE, such as the Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct and, further, that they would be

indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

97. By failing to supervise, train, and reprimand such COUNTY, WCS, and VILLAGE employees and members, Defendants COUNTY, WCS, and VILLAGE caused the injuries to Plaintiffs through the actions and inactions of the Individual Defendants.

98. By maintaining a *de* facto policy of automatic indemnification, Defendants COUNTY, WCS, and VILLAGE caused the injuries to Plaintiffs through the actions and inactions of the Individual Defendants.

99. It was the custom, policy, and practice of Defendants COUNTY, WCS, and VILLAGE to blatantly ignore complaints and/or widespread allegations of malfeasance in order to shield Defendants COUNTY, WCS, and VILLAGE from receiving any bad press that would be generated from an investigation of police misconduct.

100. This custom, policy, and practice of Defendants COUNTY, WCS, and VILLAGE to ignore complaints and/or widespread allegations of assault and other malfeasance created an environment where foreseeable constitutional violations by their employees and members were rampant, including the violations of Plaintiffs' constitutional rights.

101. Defendants COUNTY, WCS, and VILLAGE's failure to take action against their employees and members involved in this incident and in other similar incidents was part of a custom, practice, and procedure of neglect and deliberate indifference that directly caused the injuries to Plaintiffs.

102. As authorized representatives of Defendants COUNTY, WCS, and VILLAGE, the employees and members' conduct of unlawful search and seizure, illegal arrests, and/or threats of arrest without probable or reasonable cause, constituted a custom, policy, and practice which renders Defendants COUNTY, WCS, and VILLAGE liable to Plaintiffs as a "Person" acting under the color of state law.

103. Defendants COUNTY, WCS, and VILLAGE are, therefore, liable for violations of Plaintiffs' Constitutional rights as caused by the Individual Defendants, as described in more detail in the foregoing paragraphs, and Plaintiffs have suffered damages therefrom.

104. That, by virtue of Defendants COUNTY, WCS, and VILLAGE's failure and refusal to adequately investigate the Individual Defendants'

actions, acquiescence in the Individual Defendants' conduct, failure to take any remedial action against the Individual Defendants, allowing the Individual Defendants to remain employed, gross negligence in their supervision of the Individual Defendants, and deliberate indifference to the rights of others by failing to act on information that Constitutional rights were being violated by the Individual Defendants, COUNTY, WCS, and VILLAGE, which employed these Individual Defendants during the relevant time period, exhibited a *de facto* custom, policy, or usage of unconstitutional conduct sufficient for the imposition of municipal liability under *Monell v. Dept. of Social Services*, 436 US. 658 (1978).

(Am. Compl. ¶¶ 95–104.)

## LEGAL STANDARDS

The Federal Rules of Civil Procedure provide in pertinent part as follows: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; … (6) failure to state a claim upon which relief can be granted…." Fed. R. Civ. P. 12(b)(1) & (6).

### *Rule 12(b)(6)*

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotations omitted). *See also*, *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.), *rev'd sub nom. Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In reversing the Second Circuit's holding in *Iqbal*, the Supreme Court *expanded* the requirement for a flexible plausibility standard as applicable to all pleadings under the Federal Rules of Civil Procedure:

> Recently, this Court interpreted the Supreme Court's holding in *Twombly* to mean that Federal Rule of Civil Procedure 8(a)(2) "requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007), *rev'd sub nom. Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). It is apparent from the Supreme Court's decision reversing this Court in *Iqbal* that the cases requiring such amplification are the rule, not the exception, and the Supreme Court has made clear that its holding in *Twombly* was an interpretation of Rule 8 itself, applicable to all civil actions. *See Iqbal*, 129 S. Ct. at 1953. Accordingly, although the courts remain obligated to construe a pro se complaint liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must contain sufficient factual allegations to meet the plausibility standard.

*Rosendale v. Brusie*, 374 F. App'x 195, 196 (2d Cir. 2010).

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000).  On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) (*citing*

*In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir. 1994)). As the Supreme Court clarified in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678–79 (some citations omitted).

"In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir., 1991).

### Rule 12(b)(1)

The Court of Appeals laid out the standard to be applied in deciding whether to grant a motion to dismiss under Rule 12(b)(1), writing:

> A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court, as it did here, may refer to evidence outside the pleadings. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (internal citations omitted).

**Monell**

In *Monell v. Dep't of Soc. Svc. of the City of New York*, 436 U.S. 658 (1978), the Supreme Court held that the Civil Rights Act of 1871 applied to municipalities and that municipalities could "be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id*. at 690. In addition, the Court rejected application of *respondeat superior*: "In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor...." *Id*. at 691.

Later, in *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989), the Supreme Court addressed the situation where a plaintiff alleges that inadequate training led to a constitutional violation. Justice White, writing for the majority, stated: "We hold today that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id*. at 388.

**DISCUSSION**

**THE VILLAGE OF NEWARK'S MOTION**

The Village of Newark, the Village of Newark Police Department, and the Village of Newark Police Officer John Does # 11–20 (collectively "Newark") have moved to dismiss the claims against it. Newark asserts that "Plaintiffs do not identify any individual defendants. Instead, Plaintiff's [sic] claims against [Newark] are based

solely on *Monell* liability." (Newark Def.s' Mem. of Law at 1, Mar. 15, 2023, ECF No. 21-1.) Newark argues that "Plaintiffs' Amended Complaint contains no factual allegations concerning the existence of a policy or custom. Plaintiffs merely make bare-bone assertions that "[i]t was the custom, policy, and practice of Defendants COUNTY, WCS, and VILLAGE[3] to tolerate, condone, and encourage constitutional violations." (Dkt. 16, ¶ 95; *see* Dkt. 16, ¶¶ 100–03). None of their allegations are sufficient to withstand dismissal…." (Newark Def.s' Mem. of Law 5.)

Plaintiffs argue that they should be permitted to go forward with discovery to enable them to plead specific incidents of unconstitutional acts since the evidence of such is in the exclusive control of three of the defendants. Plaintiffs cite to *Lawrence et al v Village of Newark et al*, 19-CV-6233-EAW-MJP (W.D.N.Y. Jul. 22, 2022) as an example of allegations against Newark of excessive force and an unlawful search and seizure. *Lawrence* did not involve an adjudication by the Court.

The Second Circuit addressed the issue of sufficiency of allegations for a *Monell* claim in *Montaro v. City of Yonkers*, 890 F.3d 386 (2d Cir. 2018). The panel wrote:

> But "[t]he mere assertion … that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Dwares v. New York*, 985 F.2d 94, 100 (2d Cir. 1993), *overruled on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).

*Montero v. City of Yonkers*, 890 F.3d 386, 403–04 (2d Cir. 2018).

---

[3] "VILLAGE" in the papers refers to Newark.

Paragraph 84 of the amended complaint is illustrative of the type of *Monell* allegations Plaintiffs make. It states that the named defendants "had an express and/or implied *duty* to provide a reasonably safe environment for their citizens, including Plaintiffs." (Am. Compl. ¶ 84.) Yet, in the very next paragraph, Plaintiffs allege, "Despite having *this knowledge*," the named defendants, "failed to take any remedial measures to prevent the aforementioned violations of Plaintiffs' Constitutional rights." (Am. Compl. ¶ 85.) Neither paragraph alleges facts that would plausibly show the named defendants had knowledge that employees were acting in a manner injurious to the constitutional rights of the citizenry.

Paragraph 86 alleges that the Wayne County Sheriff's Office, "intentionally failed to adequately supervise, control, oversee, train, and/or monitor their employees and members, *who had a history of engaging in official misconduct*, and failed to implement measures to prevent their employees and members from conspiring with each other to cover up their official misconduct." (Am. Compl. ¶ 86 (emphasis added).) The emphasized language has no factual basis alleged. It appears Plaintiffs are relying on the actions of the actors against them on June 22, 2021, as proof of a *history* of misconduct. Paragraph 90 alleges that the named defendants "knew or should have known of their employees and members' propensity for the conduct which caused Plaintiffs' injuries, prior to the occurrence of the injuries." (Am. Compl. ¶ 90.) Plaintiffs allege no plausible factual basis for implying that the named defendants should have known about the "propensity for the" harmful conduct alleged.

14

Turning to the allegations concerning the named defendants' custom, policy, and practice, Plaintiffs allege that "[i]t was the custom, policy, and practice" of the named defendants "to tolerate, condone, and encourage constitutional violations, such as those alleged by Plaintiffs above, by failing to properly punish, charge, reprimand, and investigate allegations and incidents of misconduct by their employees and members." (Am. Compl. ¶ 95.) Yet, like the allegations concerning the failure to supervise and train, this paragraph contains no factual basis to push the claim from simply conceivable to plausible.

As the Second Circuit observed, a pleader is obligated to amplify a claim to render the claim plausible. *Rosendale*, 374 F. App'x at 196 (summary order) ("complaint must contain sufficient factual allegations to meet the plausibility standard."). With *Bell*, the Federal Courts moved from "pure notice pleading that had prevailed … ever since *Conley v. Gibson*, 355 U.S. 41 (1957), was decided half a century ago." *Iqbal*, 490 F.3d at 155.

### *Plaintiffs' request to amend the complaint re: Monell claims*

Plaintiffs ask that they be permitted to amend the complaint should the Court refuse to review the *Lawrence* case cited above. Interestingly, Newark's memorandum in opposition refers to "multiple reports of civil rights violation claims against the Village over the last several years," yet lists only the *Lawrence* case citation as proof. As in the amended complaint, the memorandum of law contains no facts in support of the conclusory statements. Defendants oppose what they characterized as "Plaintiff's [sic] informal request to amend," (Newark's Reply Mem. of Law at 5 n.2, Jun. 7, 2023, ECF No. 39.)

Western District of New York Local Rule of Civil Procedure 15 contains the following pertinent requirement:

> A movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion. The proposed amended pleading must be a complete pleading superseding the original pleading in all respects. No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.

Loc. R. Civ. P. 15(a) (2023). No such pleading was included in Plaintiffs' papers.

### *Newark's motion to dismiss all remaining claims against it*

Newark seeks dismissal not only of the *Monell* claims against it, but all remaining claims on the theory that Plaintiffs have not named any individual officers in the amended complaint or since that pleading was filed on February 13, 2023. The Court's scheduling order set a date for amendment of pleadings of June 30, 2023. (Scheduling Case Management Order, Feb. 24, 2023, ECF No. 19.) A decision by the Eastern District explains why simply naming John Doe defendants is insufficient to maintain the lawsuit against any real person:

> It is beyond dispute that "[u]sing 'Doe' in place of specifically naming a defendant does not serve to sufficiently identify the defendant." *Kearse v. Lincoln Hosp.*, No. 07-CV-4730, 2008 U.S. Dist. LEXIS 125508, 2009 WL 1706554, at *3 (S.D.N.Y. June 17, 2009); *Cruz v. City of New York*, 232 F. Supp. 3d 438, 448 (S.D.N.Y. 2017). In addition, while courts "typically resist dismissing suits against John Doe defendants until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials . . . [w]here a plaintiff has had  ample time to identify a John Doe defendant but gives no indication that he has made any effort to discover the [defendant's] name, . . . the plaintiff simply cannot continue to maintain a suit against the John Doe defendant." *Cruz*, 232 F. Supp. 3d at 448 (internal citation omitted); *see Harewood v. City of New York*, No. 09-CV-2874, 2012 U.S. Dist. LEXIS 194186, 2012 WL 12884356, at *2 (E.D.N.Y. Feb. 10, 2012) (same); *Coward v. Town & Vill. of Harrison*, 665 F. Supp. 2d 281, 300 (S.D.N.Y. 2009) (same); *see also Abreu v. City of New York*, 657 F. Supp. 2d 357, 363

(E.D.N.Y. 2009) ("Where a plaintiff names 'John Doe' as a placeholder defendant because he does not know the identity of an individual defendant, he generally is required to replace the placeholder with a named party within the applicable statute of limitations period.").

*D.C. v. Copiague Union Free Sch. Dist.*, No. CV 16-4546 (SJF) (AYS), 2018 U.S. Dist. LEXIS 93545, at *5–6 (E.D.N.Y. June 4, 2018).

This case started in September of 2022. Over the past year, Plaintiffs have not identified the John Doe[4] defendants, nor have they informed the Court of their intent to do so. Mandatory disclosures were due on March 31, 2023, and the Court specifically set June 9, 2023, as the date by which "[d]iscovery regarding the identi[ty] of individual defendants" was due. (Scheduling Order, Feb. 24, 2023, ECF No. 19.)

However, the Court stayed all discovery as of March 31, 2023. (Text Order, Mar. 31, 2023, ECF No. 32.) Motion practice took place, and the stay only expires "30 days following entry of a decision" on the last-decided motion to dismiss. Consequently, once the dismissal motions are decided, if the case continues, the Court will hold a scheduling conference to work out dates for identification of the John Doe defendants. Dismissal of all causes of action is not warranted now.

## WAYNE COUNTY'S MOTION TO DISMISS

The County of Wayne, the Wayne County Sheriff's Office, and Wayne County Deputy Sheriff John Does #1–10 (collectively "Wayne"), move to dismiss the amended complaint with prejudice per Federal Rules of Civil Procedure 12(b)(6) and 12(1). Wayne contends that the Sheriff is not a proper party, Plaintiffs have not sufficiently

---

[4] The Court notes that the statute of limitations may bar suit against the John Doe defendants but makes no decision on that point now. *See Peralta v. Donnelly*, No. 04-CV-6559 (CJS), 2009 U.S. Dist. LEXIS 60601, 2009 WL 2160776 (W.D.N.Y. Jul. 16, 2009).

plead any claims against it, the state law claims must be dismissed, dismissal is warranted for all the John Doe defendants, and punitive damages cannot be awarded. In their memorandum in opposition, Plaintiffs make the following concessions:

> To the extent that Defendants seek dismissal of claims under the Fifth, Eighth, and Nineth Amendments, Plaintiff [sic] agrees to withdraw the claims under said amendments only. In addition, Plaintiff [sic] withdraws the claims for punitive damages against Defendants Wayne County and Wayne County Sheriff's Office. Further, County Defendants argue that Plaintiffs' causes of action for intentional infliction of emotional distress and negligent emotional distress should be dismissed, however, Plaintiffs are not asserting either causes of action. Lastly, Plaintiffs will accept Defense Counsel's representations that Wayne County Sheriff's Office is an administrative arm of the County and agrees to withdraw its claims against the Sheriff's Office.

(Pl.s' Mem. of Law at 6, May 13, 2023, ECF No. 34.) To the extent that these concessions moot Wayne's motion, the undersigned will not address them further, but will recommend that the district judge dismiss the appropriate portions of the amended complaint.

### *Wayne municipal liability*

Wayne argues that Plaintiffs' first, second, third, and fourth causes of action should be dismissed as they rely solely on *respondeat superior*, which is not cognizable under 42 U.S.C. § 1983. "Plaintiffs have failed to meet the rigorous pleading standards under all liability theories required to sustain a *Monell* claim." (Wayne Def.s' Mem. of Law at 6.)

Plaintiffs' first cause of action alleges under 42 U.S.C. § 1983 that Defendants conducted an unlawful search and seizure as well as false arrest. The second by Plaintiff Martin alone alleges under 42 U.S.C. § 1983 that Defendants used excessive force against her. The third alleges under 42 U.S.C. § 1983 a failure to intervene. The

fourth, against Wayne County, the Wayne County Sheriff's Office, and Village of Newark, raises a *Monell* claim under 42 U.S.C. § 1983. The first, second, and third claims cannot be maintained against the County of Wayne based on *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Accordingly, the first, second, and third claims against Wayne must be dismissed.

### *Monell claim against Wayne*

Turning to the fourth claim, as discussed above regarding the *Monell* claims against the Newark defendant(s), the amended complaint fails to set forth a plausible claim of liability under *Monell* against Wayne. At most, paragraph 85 simply alleges a custom, policy, or practice based on the events underlying Plaintiffs' claims here. In *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985), the Supreme Court addressed the question of whether a single incident of police misconduct could prove a policy or custom. The Court reviewed a jury instruction and wrote:

> The trial court stated that the jury could "infer," from "a single, unusually excessive use of force ... that it was attributable to inadequate training or supervision amounting to 'deliberate indifference' or 'gross negligence' on the part of the officials in charge." App. 44.

> We think this inference unwarranted; first, in its assumption that the act at issue arose from inadequate training, and second, in its further assumption concerning the state of mind of the municipal policymakers. But more importantly, the inference allows a § 1983 plaintiff to establish municipal liability without submitting proof of a single action taken by a municipal policymaker.

*Id.* at 821. The same issue exists where a plaintiff relies on a single incident of alleged police misconduct, an allegation of which does not circumstantially show that the

alleged misconduct was the result of a custom or policy, or simply a decision by a single actor outside of any municipal policy, practice, or custom. The allegations in Plaintiffs' amended complaint are of the "bare bones" variety with conclusory allegations substituting for facts that would establish a plausible basis for inferring that the police acted pursuant to a municipal policy, custom, or practice. Therefore, the fourth cause of action against Wayne should be dismissed.[5]

### *State law claims against Wayne County – seventh and eighth causes of action*

Plaintiffs' seventh and eighth causes of action against Wayne allege liability on the part of the municipality based on the acts of its officers. (Am. Compl. ¶¶ 121–25; and ¶¶ 126–33.) "It is well-settled that a Sheriff cannot be held personally liable for the acts or omissions of his deputies while performing criminal justice functions, and that this principle precludes vicarious liability for the torts of a deputy." *De Ratafia v. Cnty. of Columbia*, No. 1:13-CV-174 NAM/RFT, 2013 WL 5423871, at *9 (N.D.N.Y. Sept. 26, 2013); *see Flaherty v. Milliken*, 193 N.Y. 564, 569 (1908) ("While in some cases the sheriff may be punished by way of contempt for the default of his appointees in criminal proceedings, as a rule he is subject to such punishment only where to some extent he has been personally responsible for the default."). Plaintiffs have cited no state law that allows state claims against the municipality under the theory of *respondeat superior*. Consequently, the seventh and eighth causes of action against Wayne County and the Wayne County Sheriff's Office must be dismissed.

---

[5] Wayne interprets the third and fourth causes of action as raising a claim under *Monell*. (Wayne Mem. of Law at 13 n.1.) Although the undersigned does not view the amended complaint in that manner, should the district judge so interpret it, the third cause of action also does not sufficiently allege a plausible claim under *Monell*.

***Emotional distress claims against Wayne County***

In their second cause of action, Plaintiffs assert a claim against all defendants for intentional or negligent infliction of emotional distress. (Am. Compl. ¶ 67.) "[C]laims of intentional infliction of emotional distress against government bodies are barred as a matter of public policy." *Dillon v. City of N.Y.*, 261 A.D.2d 34, 41 (N.Y. App. Div. First Dep't 1999). To support a claim of infliction of emotional distress, either intentionally or negligently, the allegations must be "so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 303 (1983). Plaintiffs concede they are not seeking damages for intentional or negligent infliction of emotional damages. (Pl.s' Mem. of Law 1, ECF No. 34.) The undersigned recommends dismissal of any claims against Wayne for intentional or negligent emotional distress against the municipal defendants.

***Seventh and eighth causes of action for negligence***

Wayne County also moves to dismiss the claims against it under the seventh and eighth causes of action. The seventh alleges the county was negligent due to its failure to prevent the unlawful search and seizure, wrongful detainment, false arrest, false imprisonment and assault. (Am. Compl. ¶ 122.) The eighth cause of action alleges negligent hiring, improper supervision and improper retention of employees against Wayne County. (Am. Compl. ¶ 133.) As previously discussed, a municipality cannot be held liable for the actions of a tortfeasor under a theory of *respondeat superior*. If the seventh and eighth causes of action were intended by Plaintiffs as

*Monell* claims, they insufficiently allege plausible claims that the municipality had an established policy, custom, or practice that violated Plaintiffs' constitutional rights. Even under state law, absent a special relationship between a plaintiff and the municipality, "[a] municipal defendant is immune from liability for negligence claims arising from the performance of its governmental functions." *Giresi v. City of New York*, 125 A.D.3d 601, 603 (2015). No special relationship is alleged here. Therefore, the seventh and eighth causes of action against Wayne County should be dismissed.

### Sixth cause of action for battery not time-barred

Wayne contends that the sixth cause of action alleging battery is time barred per New York Civil Procedure Law and Rules § 215(3). The allegations underpinning the sixth cause of action occurred on June 22, 2021. Section 215(3) establishes a one-year statute of limitations for battery claims.[6] Plaintiffs filed their original complaint on September 19, 2022, 454 days after the alleged torts. Plaintiffs respond that a one year and 90-day limitation apply per New York General Municipal Law § 50-i. Supreme Court Justice Elizabeth Pine (who was later elevated to the Appellate Division) wrote a decision on this issue in June 1978. In her decision, affirmed by the Fourth Department, she held that the one year and 90-day limitation in section 50-i superseded the one-year limitations period in section 215 "for personal injury …

---

[6] "The following actions shall be commenced within one year: … an action to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right of privacy under section fifty-one of the civil rights law…." N.Y. C.P.L.R. 215(3) (McKinney).

alleged to have been sustained by reason of the negligence or wrongful act of such city ... [or] county ... or of any officer, agent or employee thereof...." *Drake v. City of Rochester*, 96 Misc. 2d 86, 92 (N.Y. Sup. Ct. 1978), *aff'd* 74 A.D.2d 996 (N.Y. App. Div. Fourth Dep't 1980). The sixth cause of action is not time-barred.

### Fifth and sixth causes of action 12(b)(6)

Wayne contends in its reply memorandum of law that the fifth cause of action for trespass and sixth cause of action for assault and battery fail to state a claim and must be dismissed per Rule 12(b)(6). (Wayne Reply Mem. at 7–8, ECF No. 41-1.) Wayne made this argument in its initial memorandum, and states that "Plaintiffs' opposition is void of any mention related to this argument, much less a rebuttal." (*Id.*)

The factual allegations, especially in paragraphs 24 and 35, plausibly allege trespass and assault and battery. The undersigned will recommend that the district judge deny Wayne's motion to dismiss the fifth and sixth causes of action for failure to state a claim.

### Fifth and sixth causes of action 12(b)(1)

Wayne contends that Plaintiffs' fifth and sixth causes of action should be dismissed for lack of subject matter jurisdiction per Federal Rule of Civil Procedure 12(b)(1) "on the basis that Plaintiffs fail to set forth a basis of liability with respect to moving Defendants." (Wayne Mem. of Law at 21, ECF No. 22-2.) Plaintiffs allege that the Court has subject matter jurisdiction over pendant state claims per 28 U.S.C. § 1367 (supplemental jurisdiction). (Am. Compl. ¶ 3.)[7] The state claims present no

---

[7] The amended complaint contains a reference to 28 U.S.C. § 1376(a). Chapter 85 of Title 28 does not contain a section 1376; the Court construes this as a reference to § 1367(a), (*continued*)

novel or complex issue of state law, do not substantially predominate over the federal claims, nor are there exceptional circumstances dictating that the Court decline to exercise jurisdiction over the pendant state trespass and assault and battery claims.

### *Plaintiffs' failure to identify individual Wayne County Deputy Sheriffs*

The Wayne defendants move to dismiss any claims against individual officers due to Plaintiffs' failure to identify any by name. The Court stayed all discovery as of March 31, 2023. (Text Order, Mar. 31, 2023, ECF No. 32.) Motion practice took place, and the stay only expires "30 days following entry of a decision" on the last-decided motion to dismiss. Consequently, once the dismissal motions are decided, if the case continues, the Court will hold a scheduling conference to work out dates for identification of the John Doe defendants. Dismissal of all causes of action is not warranted now.

### CONCLUSION

For the reasons stated above, the undersigned recommends that the district judge:

(1) dismiss Plaintiffs' fourth cause of action, raising a *Monell* claim against the Village of Newark and the Village of Newark Police Department; and

---

which reads: "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

(2) deny Plaintiffs' request to amend the fourth cause of action raising a *Monell* claim against the Village of Newark and the Village of Newark Police Department; and

(3) deny the Village of Newark's application to dismiss *all* claims against the Village of Newark Police Officer John Does #11–20; and

(4) dismiss any claims against Defendants made pursuant to the Fifth, Eighth, and Nineth Amendments, per Plaintiffs' agreement to withdraw such claims; and

(5) dismiss any claims for punitive damages against the County of Wayne and the Wayne County Sheriff's Office per Plaintiffs' agreement to withdraw such claims; and

(6) dismiss the Wayne County Sheriff's Office as a party from the lawsuit per Plaintiffs' agreement to withdraw such claims; and

(7) dismiss the seventh and eighth causes of action against Wayne County; and

(8) dismiss any claims of intentional or negligent infliction of emotional distress (*see* Am. Compl. ¶ 67) against the municipal defendants; and

(9) dismiss the seventh and eighth causes of action alleging negligence against Wayne County; and

(10) deny Wayne County's motion to dismiss the fifth and sixth causes of action for common law trespass, assault and battery for lack of subject matter jurisdiction; and

(11) deny Wayne County's motion to dismiss all claims against the as yet unidentified John Doe defendants; and

(12) dismiss any claims for punitive damages against municipal defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the undersigned hereby

**ORDERS**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York. The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

IT IS SO ORDERED.
Dated:  September 29, 2023
        Rochester, New York                  _____
                                             Mark W. Pedersen
                                             United States Magistrate Judge