UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTINA MARTIN AND JADEN WILLIAMS,

                                    Plaintiffs,

vs.

COUNTY OF WAYNE, WAYNE COUNTY
SHERIFF'S OFFICE, WAYNE COUNTY DEPUTY
SHERIFF JOHN DOES #1-10 (representing as yet
unknown and unidentified members of the Wayne
County Sheriff's Office), in their individual and
official capacities, VILLAGE OF NEWARK, and
VILLAGE OF NEWARK POLICE OFFICER
JOHN DOES #11-20 (representing as yet unknown
and unidentified members of the Village of Newark
Police Department), in their individual and official
capacities,

                                    Defendants.
_____

COUNTY OF WAYNE, WAYNE COUNTY
SHERIFF'S OFFICE, WAYNE COUNTY DEPUTY
SHERIFF JOHN DOES #1-10 (representing as yet
unknown and unidentified members of the Wayne
County Sheriff's Office), in their individual and
official capacities,

                                    Cross-Claimants,

vs.

VILLAGE OF NEWARK, and VILLAGE OF
NEWARK POLICE OFFICER JOHN DOES #11-20
(representing as yet unknown and unidentified
members of the Village of Newark Police
Department), in their individual and official
capacities,

                                    Cross-Defendants.
_____

DECISION and ORDER

22-CV-6399-CJS-MWP

1

INTRODUCTION

Now before the Court is an "Objection," ECF No. 48, by defendants County of Wayne, Wayne County Sheriff's Office and Wayne County Deputy Sheriff John Does #1-10 to a Report and Recommendation by the Honorable Mark W. Pedersen, United States Magistrate Judge ("Judge Pedersen"), recommending that the undersigned partially grant and partially deny Defendants' Motions to Dismiss the Amended Complaint, ECF Nos. 21 & 22.   For reasons discussed below the Court adopts the Report and Recommendation.

BACKGROUND

The Amended Complaint asserts claims against two groups of Defendants: First, the County of Wayne, the Wayne County Sheriff, and John Doe Sheriff Deputies #1-10 ("the County Defendants"); and second, the Village of Newark, the Village of Newark Police Department, and John Doe Village Police Officers #11-20 ("the Village Defendants").   The Amended Complaint purports to assert eight separate causes of action: Four civil rights claims under federal law, 42 U.S.C. § 1983 (Causes of Action 1-4), and four tort claims under New York State law (Causes of Action 5-8).   The first three civil rights claims (unlawful search and seizure, excessive force, and failure to intervene) are asserted against all defendants (Village and County), while the fourth civil rights claim is a purported *Monell* claim against only the municipal entities (Village of Newark, County of Wayne, Wayne County Sheriff).   The state-law tort claims are asserted only against the County Defendants.

The County Defendants and Village Defendants filed respective motions (ECF Nos. 21 & 22) to dismiss the Amended Complaint, and the undersigned issue a referral order

2

(ECF No. 31) directing Judge Pedersen to hear and report on the motions.    On September 29, 2023, Judge Pedersen issued a 26-page Report and Recommendation (ECF No. 47), recommending that the undersigned partially grant and partially deny the motions, as more specifically set forth therein.    The Report and Recommendation concluded by advising the parties that any objections thereto had to be filed within fourteen days.

Neither Plaintiffs nor the Village Defendants filed objections to the Report and Recommendation.   However, on October 6, 2023, the County Defendants filed a timely "Objection" (ECF No. 48) that essentially asks the undersigned to adopt the Report and Recommendation, but to also clarify that Plaintiffs' *Monell* claims against County Defendants are being dismissed.   In that regard, County Defendants indicate that the body of the Report and Recommendation discusses why the Fourth Cause of Action in the Amended Complaint fails to state a *Monell* claim against either County Defendants or the Village Defendants, and that the conclusion of the Report and Recommendation specifically recommends that the undersigned dismiss the *Monell* claims against the Village, but that the conclusion omits, apparently inadvertently, any specific recommendation that the undersigned also dismiss the Fourth Cause of Action against County Defendants. *See*, Objections at p. 1 ("The County Defendants request that the Court amend/correct the Report and Recommendation, as well as adopt the recommendation, to dismiss Plaintiffs' fourth cause of action, raising a *Monell* claim under 42 U.S.C. § 1983, against County Defendants, on the merits and with prejudice."); *see also, id*. at p. 2 ("A review of the Recommendation reveals that Judge Pedersen inadvertently did not include in his bullet point recommendations [numbered (1) through

3

(12)] to dismiss Plaintiffs' fourth cause of action of a *Monell* claim against the County Defendants, but indeed recommended such dismissal in his Report[.]").

The undersigned has reviewed the Report and Recommendation and sees that Judge Pedersen did, in fact, indicate that the Amended Complaint's fourth cause of action should be dismissed for failure to state a *Monell* claim against the County Defendants, though he did not include that specific recommendation along with his other recommendations at the conclusion of the Report and Recommendation.[1]

In particular, Judge Petersen began by noting that the fourth cause of action, "against Wayne County, the Wayne County Sheriff's Office, and Village of Newark, [purportedly] raises a *Monell* claim under 42 U.S.C. § 1983." (footnote omitted).  Judge Pedersen further indicated that Plaintiff's *Monell* claim was based on alleged municipal "policies, customs and practices," and on alleged failures to train/supervise employees.

However, Judge Pedersen stated that the pleading fails to plausibly allege either of those types of *Monell* liability, as to the County Defendants or the Village Defendants. ECF No. 47 at pp. 14-15, 18-20.  Specifically, concerning the County Defendants, Judge Pedersen stated:

> Turning to the fourth claim, as discussed above regarding the *Monell* claims against the Newark defendant(s), the amended complaint fails to set forth a plausible claim of liability under *Monell* against Wayne. At most, paragraph 85 simply alleges a custom, policy, or practice based on the events underlying Plaintiffs' claims here. In *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985), the Supreme Court addressed the question of whether a single incident of police misconduct could prove a policy or custom. The Court

---

[1] Judge Pedersen did, however, include a specific recommendation that the undersigned dismiss the fourth cause of action insofar as it asserted a *Monell* claim against the other municipal defendants.

reviewed a jury instruction and wrote:

> The trial court stated that the jury could "infer," from "a single, unusually excessive use of force ... that it was attributable to inadequate training or supervision amounting to 'deliberate indifference' or 'gross negligence' on the part of the officials in charge." App. 44.

> We think this inference unwarranted; first, in its assumption that the act at issue arose from inadequate training, and second, in its further assumption concerning the state of mind of the municipal policymakers. But more importantly, the inference allows a § 1983 plaintiff to establish municipal liability without submitting proof of a single action taken by a municipal policymaker.

Id. at 821. The same issue exists where a plaintiff relies on a single incident of alleged police misconduct, an allegation of which does not circumstantially show that the alleged misconduct was the result of a custom or policy, or simply a decision by a single actor outside of any municipal policy, practice, or custom. The allegations in Plaintiffs' amended complaint are of the "bare bones" variety with conclusory allegations substituting for facts that would establish a plausible basis for inferring that the police acted pursuant to a municipal policy, custom, or practice. <u>Therefore, the fourth cause of action against Wayne should be dismissed.</u>

ECF No. 47 at pp. 19-20 (emphasis added).

However, despite this clear language in the body of the Report and Recommendation, Judge Pedersen did not, in the summary of his recommendations at the conclusion of his Report and Recommendation, include the recommendation that the District Court dismiss the *Monell* claim against the County Defendants.   Because of this apparent oversight, the County Defendants, while not objecting to anything in the Report and Recommendation, seek reassurance from the undersigned that the *Monell* claim will be dismissed.

5

DISCUSSION

The County Defendants have filed a purported objection to a magistrate judge's report and recommendation concerning a motion to dismiss, rendered pursuant to 28 U.S.C. § 636(b)(1)(B).   A district court is required to rule upon such an objection, pursuant to 28 U.S.C. § 636(b)(1)(C), which states in pertinent part:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

*Id*. (West 2023).

Here, the County Defendants' "objection" is really a "non-objection," since it does not assert that Judge Pedersen made any incorrect rulings.    Rather, the "objection" merely points out that Judge Pedersen did not refer to his recommendation, that the fourth cause of action be dismissed against the County Defendants, in the conclusion of his Report and Recommendation.   However, the Court agrees with County Defendants that the Report and Recommendation unequivocally recommends, in the body of the document, that the Amended Complaint's fourth cause of action be dismissed.   Accordingly, there having been no true objection filed, the Court adopts the Report and Recommendation in its entirety.

6

CONCLUSION

For the reasons stated above the Report and Recommendation (ECF No. 47) partially granting and partially denying Defendants' Motions to Dismiss the Amended Complaint (ECF Nos. 21 & 22) is adopted and affirmed in all respects, including that all *Monell* claims in the fourth cause of action are dismissed.   More specifically, all claims in the Amended Complaint are dismissed with prejudice, *except* the claims against the County Deputy Sheriffs (John Does #1-10) in their individual capacities (not including any claims under the Fifth, Eighth and Ninth Amendments, which are dismissed); the claims against the Village Police Officers (John Does #11-20) in their individual capacities (not including any claims under the Fifth, Eighth and Ninth Amendments, which are dismissed); and the Fifth and Sixth Causes of Action against Wayne County (not including any claims for punitive damages, which are dismissed).[2]   The Clerk of the Court is directed to terminate as defendants the Wayne County Sheriff's Office, the Village of Newark, and the Village of Newark Police Department.

IT IS SO ORDERED.

Dated:      October 19, 2023
            Rochester, New York

ENTER:

CHARLES J. SIRAGUSA
United States District Judge

---

[2] In response to Defendants' motions Plaintiffs have also advised the Court that they are *not* asserting claims for intentional or negligent infliction of emotional distress.